**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| **RENALD BENNETT** | **CASE NO. 2:25-CV-00407** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DOLLAR GENERAL CORP ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 33] filed by defendant DG Louisiana, LLC ("Dollar General") under Federal Rule of Civil Procedure 56(a). Plaintiff Renald Bennett opposes the motion. Doc. 36.

## I.
## BACKGROUND

This suit arises from injuries plaintiff allegedly sustained while shopping at a Dollar General store in Lake Charles, Louisiana, on April 16, 2023. Specifically, plaintiff alleges that he slipped on an "unknown substance" on the floor and that Dollar General had placed no sign or warning in the area. Doc. 1, att. 1, ¶¶ 4–5. He later testified that he was headed to the cosmetics section when he slipped on a clear, gel-like substance. Doc. 33, att. 2, pp. 40–41. He did not know how long the substance had been on the floor. *Id.*

Plaintiff filed suit in state court, raising claims of negligence against Dollar General. Doc. 1, att. 1. Dollar General removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It also asserted a counterclaim for civil fraud, civil conspiracy, intentional misrepresentation, and/or negligent misrepresentation against

plaintiff under state law. Doc. 25, pp. 4–8. The counterclaim arises from plaintiff's claim for lost wages, which Dollar General alleges is based on fabricated evidence and a false claim of being employed at McDonald's at the time of his alleged injury. *Id.*

The matter was originally set for jury trial before the undersigned on June 8, 2026. Doc. 15. At a status conference before the magistrate judge, the parties jointly requested a continuance and the trial was reset for November 16, 2026. Docs. 16, 17. With the new trial setting, the dispositive motion deadline was fixed for August 18, 2026. Doc. 17. On that date, Dollar General filed a motion for summary judgment seeking dismissal of plaintiff's negligence claims. Doc. 33. It maintains that there is no evidence that Dollar General had actual or constructive notice of any substance on the floor. *Id.* Plaintiff opposes the motion, arguing that he is entitled to an adverse inference based on Dollar General's alleged failure to preserve video evidence and that the matter is not ripe for summary adjudication because he still intends to depose the store employees who were present at the time of the accident. Doc. 36.

## II.
## SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Spoliation

"The spoliation of evidence doctrine governs the intentional destruction of evidence. If a party intentionally destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020). When alleging spoliation, a party must show that the opposing party "intentionally destroyed the evidence for the purpose of depriving opposing

parties of its use." *Id.* Accordingly, the Fifth Circuit allows an adverse inference for spoliation "only upon a showing of bad faith or bad conduct." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).

"A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. When seeking an adverse inference based on spoliation of evidence, the seeking party must establish that "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.*

Plaintiff alleges, without attaching any evidence, that the incident was captured at numerous angles of video surveillance and that Dollar General is liable for failing to preserve this evidence. Doc. 36, pp. 2–3. As Dollar General notes, however, the party alleging spoliation bears the burden of proof. *Terral v. Ducote*, 2016 WL 5017328, at *3 (W.D. La. Sep. 19, 2016). Plaintiff provides nothing to back up his allegations. He cannot use his unsupported claim of spoliation to gain an adverse presumption and withstand summary judgment.

**B. Summary Judgment**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears,*

*Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. The statute "places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). To prevail, a plaintiff must prove all of the following (in addition to the other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). To show constructive notice, a plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant exercised reasonable care." *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 409 (5th Cir. 2017) (quoting La. Rev. Stat. § 9:2800.6(C)(1)). "In other words, the plaintiff 'must come forward with *positive evidence* showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.'" *Id.* (quoting *White*, 699 So.2d at 1082).

Plaintiff provides no evidence that Dollar General created the alleged hazard or had actual or constructive notice of it. Instead, he argues that discovery is ongoing and that he has scheduled the deposition of Dollar General manager Benjamin Wyble for September 17, 2026, and two other employees at some point thereafter. Doc. 36, p. 4. Plaintiff "reasonably anticipates that the testimony of the employees present on the date in question

will reveal the time and source of the hazardous spill." *Id.* But, as Dollar General emphasizes, plaintiff did not seek to extend the dispositive motion deadline based on his failure to complete necessary discovery. Dollar General further contends that the unnamed witnesses are former Dollar General employees, and that Wyble, an assistant store manager, was not on duty at the time of the accident. Plaintiff has not moved to supplement his opposition based on these depositions. The court finds no basis to suspend its ruling for further discovery. Plaintiff fails to produce any evidence showing that Dollar General had actual or constructive notice of the condition, much less a role in its creation. Accordingly, he cannot carry his burden under the LMLA.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 33] will be **GRANTED** and plaintiff's claims against defendant will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**